UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EMMANUEL LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN, a California municipal corporation; CITY OF STOCKTON, a California municipal corporation; PETER DEVENCENZI; GENEVIEVE VALLOTTON, PHIRUN VAR,<br><br>　　　　Defendants. | No. 2:25-cv-01792 WBS CSK<br><br>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS |

----oo0oo----

    This action originated from a series of gang-related shootings between September and December 2015 in Stockton, California. (Docket No. 1 ("Compl.") at 4.) Plaintiff Emmanuel Lopez is an individual and resident of Los Angeles County, California. (Id. at 2.) Defendants Peter Devencenzi and Genevieve Vallotton were, at the times relevant to this action, prosecutors for the County of San Joaquin. (Id. at 3.)

1

1  Defendant Phirun Var was, at the times relevant to this action, a
2  police officer of the Stockton Police Department.  (Id.)
3          Plaintiff alleges that defendants knew that he did not
4  commit any of the crimes that occurred during these shootings.
5  (Id. at 4-5.)  Yet, plaintiff claims, that did not deter them
6  from attempting to indict him via grand jury by violating his
7  constitutional rights.  (Id. at 5.)
8          Specifically, plaintiff brings the following claims
9  under 42 U.S.C. § 1983 ("Section 1983"):  (1) a claim against
10 Devencenzi and Vallotton for failing to disclose exculpatory
11 evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963);
12 (2) a claim against all defendants for conspiring to deprive him
13 of his constitutional rights as established by Brady; (3) a claim
14 against Devencenzi and Vallotton for utilizing unreliable
15 eyewitness identifications in violation of Manson v. Braithwaite,
16 432 U.S. 98 (1967) and Neil v. Biggers, 409 U.S. 188 (1972); (4)
17 a claim against Devencenzi and Vallotton for conspiring to
18 deprive him of his constitutional rights as established by
19 Manson/Biggers; (5) a claim against all defendants for conspiring
20 to deprive him of his constitutional right to not have false
21 evidence used against him; and (6) a claim against the City of
22 Stockton (the "City") for failing to adequately train, supervise,
23 and control its officers regarding the investigation and
24 questioning of eyewitnesses and duty to disclose exculpatory
25 information[1].  (See generally Compl.)

---

[1]     At oral argument and in their briefs, the parties disputed whether plaintiff alleged his Monell claim against the County of San Joaquin or the City of Stockton.  The complaint unambiguously provides that the Monell claim is brought against

2

Defendants now move to dismiss plaintiff's complaint. (Docket Nos. 8, 8-1.)

I. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

An affirmative defense may be raised by motion to dismiss when "the defense raises no disputed issues of fact." Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). "In other words, dismissal based on an affirmative defense is permitted when the complaint establishes the defense." U.S. Commodity Futures Trading Comm'n v. Monex Credit Co., 931 F.3d 966, 973 (9th Cir. 2019) (emphasis in original). Correspondingly, "a complaint that otherwise states a claim" may be dismissed under Rule 12(b)(6) "[o]nly when the plaintiff

---

the City (see Compl. at 15-16), so the court construes the claim as such. See Steen v. Am. Nat'l Ins. Co., 609 F. Supp. 3d 1066, 1071 (C.D. Cal. 2022) (courts are "generally limited to the pleadings" when deciding a motion to dismiss). Since the City has not moved to dismiss this claim, the court does not address it.

3

pleads itself out of court—that is, admits all the ingredients of an impenetrable defense." Jensen v. Brown, 131 F.4th 677, 691 (9th Cir. 2025) (citation modified).

II. Claims Against Devencenzi and Vallotton

The parties dispute multiple aspects of plaintiff's claims against Devencenzi and Vallotton, including whether a Brady violation could have occurred absent plaintiff being convicted at trial; whether plaintiff's right to a fair trial under Manson/Biggers could have been violated by the usage of allegedly unreliable eyewitness identifications absent a trial; whether Devencenzi fabricated evidence to be used against plaintiff; and whether Devencenzi and Vallotton are entitled to absolute immunity.[2]  (See generally Docket Nos. 8-1, 12, 14.)

Because the court finds that Devencenzi and Vallotton are entitled to absolute immunity, it need not address the remainder of the parties' dispute regarding these claims. See, e.g., Peterson v. Sutter Med. Found., 615 F. Supp. 3d 1097, 1107 (N.D. Cal. 2022), aff'd, No. 23-2911, 2025 WL 1823959 (9th Cir. July 2, 2025) (because defendants "[we]re entitled to prosecutorial or quasi-judicial immunity," there was "no need to address the adequacy of the claims" against them).

Absolute immunity "appl[ies] with full force" to actions of prosecutors that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424

---

[2] In his opposition to defendants' motion to dismiss, plaintiff argues that Devencenzi and Vallotton are not entitled to qualified immunity, either. (See Docket No. 12 at 17-18.) But plaintiff does not cite a single case in which a prosecutor was found to not be protected by qualified immunity for their conduct before a grand jury. (See id.)

U.S. 409, 430 (1976).  These actions include ones undertaken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State," such as the assembly and presentation of evidence "before a grand jury after a decision to seek an indictment has been made."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

"Intent should play no role in the immunity analysis." Ashelman v. Pope, 793 F. 2d 1072, 1078 (9th Cir. 1986) (en banc); see also Imbler, 424 U.S. at 427 (acknowledging that absolute prosecutorial immunity could "leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.").  As such, the Supreme Court and Ninth Circuit have found that absolute immunity shields prosecutors who knowingly use false testimony and suppress exculpatory evidence at trial, Imbler, 424 U.S. at 431; conspire with a judge to "predetermine the outcome of a judicial proceeding," Ashelman, 793 F. 2d at 1078; and evaluate a witness in a manner that is "harsh, unfair or clouded by personal animus," Roe v. City & Cnty. of San Francisco, 109 F.3d 578, 584 (9th Cir. 1997).

Devencenzi and Vallotton's actions are covered by absolute immunity, regardless of the intent governing them, see Ashelman, 793 F. 2d at 1078.  Regarding whether Devencenzi and Vallotton failed to disclose exculpatory evidence and knowingly used false testimony, the Ninth Circuit has established that absolute immunity extends to "the knowing use of false testimony at trial" and "the suppression of exculpatory evidence."

5

Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001); see also Imbler, 424 U.S. at 431.  This immunity applies equally to such conduct when undertaken before a grand jury.  See Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 643 (9th Cir. 1999) (citing Burns v. Reed, 500 U.S. 478, 490 n.6 (1991)).  As for whether these defendants conducted eyewitness identifications tainted by improper suggestion or influence, although this "alleged conduct was performed out of court, said conduct was nevertheless in preparation for the criminal proceedings against [plaintiff]" and therefore entitled to absolute immunity.  Pierre v. Treasury Dep't, No. 18-cv-3443 JLL, 2018 WL 5801549, at *8 (D.N.J. Nov. 5, 2018) (citing Burns, 500 U.S. at 485); see also Buckley, 509 U.S. at 272 ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.").

        Accordingly, the court will dismiss plaintiff's claims against Devencenzi and Vallotton.[3]

III. Conspiracy Claims

        Plaintiff brings three conspiracy claims against various defendants.  (See Compl. at 11-15.)  "To state a claim for conspiracy to violate one's constitutional rights under §

---

[3] Plaintiff also appears to bring claims one and three against the County. (See Compl. at 9, 12.)  But plaintiff has not offered any theory under which the County may be held liable for the actions of Devencenzi and Vallotton or any other theory for why the County may be held liable under these claims.  Accordingly, the court will dismiss claims one and three against the County, too.

6

1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. Cnty. of King, 883 F. 2d 819, 821 (9th Cir. 1989).  This includes, among other things, "alleg[ing] facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights." Davis v. Powell, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012) (collecting Ninth Circuit cases).

Plaintiff's allegations for his conspiracy claims do little but recite the elements of a conspiracy under Section 1983.  (See Compl. at 11-15.)  Indeed, these allegations are devoid of any facts demonstrating a "meeting of the minds to violate [his] constitutional rights." Davis, 901 F. Supp. 2d at 1217.  Accordingly, because "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss," the court will dismiss plaintiff's conspiracy claims.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III. Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 8-1) be, and the same hereby is, GRANTED. Counts I, II, III, IV, and V are DISMISSED as against defendants Devencenzi, Vallotton, and the County.

Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint if he can do so consistent with this Order.

Dated:   December 9, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7