UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EMMANUEL LOPEZ,

          Plaintiff,

   v.

COUNTY OF SAN JOAQUIN, a
California municipal
corporation; CITY OF STOCKTON, a
California municipal
corporation; PETER DEVENCENZI;
GENEVIEVE VALLOTTON, PHIRUN VAR,
MIROS MORENO, EDGAR GUILLEN,

          Defendants.

No. 2:25-cv-01792 WBS CSK

MEMORANDUM AND ORDER RE:
DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

----oo0oo----

Before the court is defendants County of San Joaquin (the "County"), Peter Devencenzi, and Genevieve Vallotton's motion to dismiss plaintiff's first amended complaint. (Docket No. 31.) The court summarized plaintiff's factual allegations in its prior order granting these defendants' motion to dismiss the original complaint with leave to amend. (See Docket No. 16 at 1-2, 7.) The County, Devencenzi, and Vallotton now move to dismiss

1

the first and sixth claims of the First Amended Complaint as against those defendants for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

I.   Motion to Dismiss

The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. An affirmative defense may be raised by motion to dismiss when "the defense raises no disputed issues of fact." Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

II.   Defendants Devencenzi and Vallotton

Absolute immunity "appl[ies] with full force" to actions of prosecutors that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). These actions include ones undertaken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State," such as the assembly and presentation of evidence "before a grand jury after a decision to seek an indictment has been made." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

At oral argument, counsel for plaintiff acknowledged that defendant Vallotton is entitled to absolute immunity based on the lack of allegations against her in the First Amended

2

Complaint.  For the reasons discussed in the court's previous order granting defendants' motion to dismiss as against these defendants, the court reaffirms its finding that defendant Vallotton's conduct was intimately associated with the judicial phase of the criminal process and that she is accordingly entitled to absolute immunity on the claims asserted against her in counts one and six of the First Amended Complaint.

The remaining issue is whether defendant Devencenzi is also entitled to absolute immunity.  Plaintiff argues that he is not because he acted outside his role of a prosecutor. In Buckley, the Supreme Court held that prosecutors who "conspired to manufacture false evidence that would link his boot with the bootprint [a] murderer left" by "shopp[ing] for experts until they found one who would provide the opinion they sought" were not entitled to absolute immunity for those actions because "[t]heir mission at that time was entirely investigative in its character."  509 U.S. at 272, 274.

In reaching the conclusion that the mission of the prosecutors in Buckley was entirely investigative in character, the Supreme Court relied upon the facts that, at the time of their actions, the prosecutors lacked probable cause to arrest the petitioner or subject him to judicial proceedings, and a grand jury -- which had the purpose to "conduct a more thorough investigation of the crime -- not to return an indictment against a suspect whom there was already probable cause to arrest" -- was not empaneled for several months after the alleged fabrication of the bootprint evidence.  See id. at 274-75.

At oral argument, counsel for plaintiff invited the

3

court to consider Exhibit B to the First Amended Complaint, which consists of a 150-page transcript of an interview on September 9, 2019, with Ismael Rodriguez, a potential witness.  In argument, plaintiff's counsel characterized Devencenzi's conduct during that interview as investigatory in nature and accordingly not subject to absolute immunity.  The court has carefully read and considered that transcript.  Devencenzi, along with two detectives, interviewed Rodriguez.  (FAC at 6.)  Devencenzi himself spoke very little.  The next day, Devencenzi called Rodriguez to testify before the grand jury empaneled to indict plaintiff.  (Id.)

At the beginning of the interview with Rodriguez, Devencenzi informed Rodriguez that he could not "make . . . any promises" in exchange for his cooperation or testimony.  (Id.) Later, Devencenzi stated to Rodriguez that he thought he was "holding back on some stuff," which "ma[de] it harder for [him] to help" Rodriguez.  (Id.; see also Docket No. 18-2 at 78.) Plaintiff takes issue with Devencenzi asking Rodriguez for confirmation that plaintiff was one of "the two people" that "shot and killed" an individual during the interview.  (FAC at 6; see also Docket No. 18-2 at 91.)

Devencenzi's conduct while interviewing Rodriguez differs starkly from the conduct described as inherently investigatory in Buckley.  Devencenzi's few clarifying questions were part of his "evaluating evidence and interviewing witnesses as he prepare[d] for" the grand jury proceedings that took place the very next day; as such, Devencenzi was acting within the traditional role of a prosecutor, not a "detective" who was

4

"searching for the clues and corroboration that might give him probable cause to recommend that" plaintiff "be arrested." Buckley, 509 U.S. at 273.  In interviewing Rodriguez, Devencenzi's mission was not "entirely investigative in character"; rather, Devencenzi was "preparing for the initiation of judicial proceedings," that, it bears repeating, occurred the very next day.  Id. at 275, 272.

Accordingly, the court finds that Devencenzi is entitled to absolute immunity.  That being the case, the court will dismiss counts one and six as against him.

III. Defendant County of San Joaquin

Defendants argue that the County, against whom plaintiff alleges counts one (malicious prosecution) and six (conspiracy to use false evidence), should also be dismissed as a defendant.  Plaintiff's claims against the County appear to be premised on the theory that "San Joaquin County prosecutors act on behalf of the County in performing their duties," so the County should be held liable for the prosecutors' allegedly unlawful actions.  (See Docket No. 18 at 2.)

Plaintiff's theory is fundamentally flawed.  The Supreme Court has repeatedly affirmed that "*[r]espondeat superior* or vicarious liability [can] not attach under § 1983." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 123 (1992) (quotations omitted); Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986) ("[A] municipality cannot be made liable [under Section 1983] by application of the doctrine of *respondeat*

*superior.*"); Connick v. Thompson, 563 U.S. 51, 60 (2011) (same).[1] Rather, "[i]t is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983." Collins, 503 U.S. at 123 (citation modified).

Plaintiff has not identified any such policy or custom, or that the execution of that policy or custom inflicted his injury. (See FAC at 13-16, 22.) Indeed, plaintiff does not include a single, individualized allegation against the County regarding either claim. Cf. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the court will dismiss counts one and six as against the County.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 31) be, and the same hereby is, GRANTED. Counts One and Six of the first amended complaint are DISMISSED as against the County of San Joaquin, Peter Devencenzi, and Genevieve Vallotton WITH PREJUDICE.

Dated:  May 29, 2026

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]    Moreover, as defendants observe, it is unclear whether Devencenzi and Vallotton, as District Attorneys, were acting on behalf of the County or the State of California. (See Docket No. 31-1 at 13.)

6